**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| ADELIZ POLLOCK, § | |
|         Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:06-CV-592-A |
| § | (Consolidated with No. 4:06-CV-593-A) |
| NATHANIEL QUARTERMAN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
|         Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I.  FINDINGS AND CONCLUSIONS

#### A.  NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B.  PARTIES

Petitioner Audeliz Pollock, TDCJ-ID #1125468, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Tennessee Colony, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C.  FACTUAL AND PROCEDURAL HISTORY

In 2002 Pollock was charged by separate indictment with aggravated robbery with a deadly

weapon (Case No. 0845401D) and possession of a controlled substance with intent to deliver (Case No. 0845402D) in the Criminal District Court Number One of Tarrant County, Texas. (1State Habeas R. at 142; 2State Habeas R. at 137.)[1] Each indictment contained an enhancement paragraph alleging the same 1999 conviction for burglary of a habitation.

Pollock's jury trial commenced in September 2002, and the testimony established that, at approximately 11:00 a.m. on May 12, 2002, Officer Mitchell with the Arlington police department was dispatched to the Mobil Mart on East Pioneer Parkway in Tarrant County, Texas, on report of an armed robbery. (2Reporter's R. at 150-75.) The robber demanded money from the clerk of the store at gunpoint and stole money and lottery tickets. (*Id.* at 177-201; 3Reporter's R. at 6-65.) The clerk, Sunil Manandsar, gave the officer a description of the robber's vehicle as a maroon-colored older model car, an account of the robbery, and identified Pollock as the robber in a photographic lineup and at trial. Officer Mitchell also obtained the store security tape and a description of the robber and his vehicle from a customer of the store. A lottery investigator was notified of the robbery and was later that day alerted that three of the stolen tickets were cashed at Big Diamond in Arlington and a fourth ticket was attempting to be cashed at Chuck's Grocery. (3Reporter's R. at 66-100.) The investigator immediately notified the retailers and the Arlington police department with a description of the suspect and his vehicle. Officers Roach and Jablon responded to the dispatch to Chuck's Grocery, and Pollock was arrested after leaving the store. (*Id.* at 103-47.) While conducting a search of Pollock incident to his arrest for claiming a lottery ticket by fraud, the officers found a driver's license and I.D. in another name, individual packets of cocaine sewn inside

---

[1] "1State Habeas R." refers to the record of Pollock's state habeas Application No. WR-64,751-01; "2State Habeas R." refers to the record of his state habeas Application No. WR-64,751-02.

the lining of Pollock's pants, a packet of cocaine in his shirt pocket, and $726 in cash. On behalf of the defense, Pollock called his wife and grandmother. (*Id.* at 166-216.) His wife provided alibi testimony for the morning of the robbery, explained that Pollock had the false driver's license and I.D. because a parole hold had issued for his arrest, and testified that Pollock's uncle's wife or girlfriend had a red car. His grandmother testified that she gave Pollock $700 to pay his rent the day he was arrested.

Based on the testimony and evidence adduced at trial, the jury found Pollock guilty of both offenses and assessed his punishment at 99 years' confinement in each case, the sentences to run concurrently. (1State Habeas R. at 138; 2State Habeas R. at 143.) Pollock appealed his convictions, but the Second District Court of Appeals affirmed the trial court's judgments, and the Texas Court of Criminal Appeals refused Pollock's petitions for discretionary review on November 10, 2004. *Pollock v. Texas*, Nos. 2-02-389-CR & 2-02-390-CR, slip op. (Tex. App.–Fort Worth May 6, 2004) (not designated for publication); *Pollock v. Texas*, PDR Nos. 861-04 & 862-04. Pollock did not seek writ of certiorari. (Petition at 3.) On July 27, 2005, Pollock filed two state applications for writ of habeas corpus, one for each conviction, raising one or more of the claims presented herein, which were denied by the Texas Court of Criminal Appeals without written order on June 21, 2006, on the findings of the trial court. *Ex parte Pollock*, Nos. WR-64,751-01 & WR-64,751-02, at cover. Pollock filed this federal petition for writ of habeas corpus on July 31, 2006.[2]

### D. ISSUES

Pollock claims that (1) he received ineffective assistance of trial counsel and was denied appellate counsel, (2) he was denied a fair trial because the same judge who presided over the trial

---

[2]A pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

did not preside over the punishment phase, (3) the state engaged in prosecutorial misconduct by consolidating unrelated offenses, (4) the indictment was invalid because it failed to put him on notice as to the ownership of the stolen property, (5) the enhancement paragraphs were void because the 1999 conviction was used twice in the same criminal episode. (Petition at 7-8.)

### E. RULE 5 STATEMENT

Quarterman believes that Pollock has sufficiently exhausted his state remedies with regard to the claims raised as required by 28 U.S.C. § 2254(b)(1). (Resp't Answer at 5.)

### F. DISCUSSION

#### 1. Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. 28 U.S.C. § 2254(e)(1). Factual determinations by a state court are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2), (e); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion it is an adjudication on the merits, which is entitled to the presumption. *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

## 2. Ineffective Assistance of Counsel

Pollock claims his trial counsel was ineffective by (1) using the word "mugshot" to describe the photograph of him in the photographic lineup, (2) failing to object to the photographic lineup as impermissibly suggestive, (3) failing to object to the consolidation or joinder of two separate criminal episodes, (4) failing to object that there was no affirmative link between him and either the robbery or the lottery ticket, (5) failing to object to the indictment on the grounds that it did not allege ownership of the stolen property, (6) failing to object to another judge presiding over the punishment phase, (7) failing to advise him after his conviction of his direct appeal rights, (8) failing to impeach the witnesses with conflicting testimony, (9) failing to interview witnesses before trial, and (10) failing to object to the state's improper use of the enhancement paragraph on both

indictments. (Petition at 7-8 & Insert.) He also claims he was denied counsel on appeal in violation of the state and federal constitutions.

A criminal defendant has a federal constitutional right to the effective assistance of counsel at trial and on a first appeal as of right. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Anders v. California*, 386 U.S. 738, 744 (1967). An ineffective assistance claim is governed by the standards set forth in *Strickland v. Washington*. 466 U.S. at 668. *See also Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001) (applying the *Strickland* standard to ineffective assistance claims against appellate counsel). To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Id.* at 687, 697. Further, in applying this standard, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id.* at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689.

Pollock asserted his claims in his state writ application, and the state habeas court, which was also the trial court, entered findings refuting the claims. (1State Habeas R. at 130-41; 2State Habeas R. at 124-34.) Based on those findings, the Texas Court of Criminal Appeals denied relief without written order or opinion. As previously noted, this constitutes an adjudication on the merits of the claims and is entitled to the presumption of correctness. *See Neal*, 286 F.3d at 235. Therefore, we must defer to the state courts' adjudication of the claims unless the state courts' determination was

(1) contrary to or involved an unreasonable application of *Strickland*, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence in the state court proceedings. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Pondexter v. Dretke*, 346 F.3d 142,148-49th Cir. 2003); *Haynes v. Cain*, 298 F.3d 375, 379-82 (5th Cir. 2002); *Foster v. Johnson*, 293 F.3d 766, 777 (5th Cir. 2002); *Santellan v. Dretke*, 271 F.3d 190, 198 (5th Cir. 2001).

Applying these principles and having independently reviewed each of Pollock's ineffective assistance claims in conjunction with the state court records, it does not appear that the state courts' application of *Strickland*'s attorney-performance standard was objectively unreasonable. Pollock cites to no authority in support of his claims and presents nothing new in this federal action to rebut the presumptive correctness of the state courts' findings. Thus, deferring to those findings, the state courts' determination of the claims was not objectively unreasonable.

Further, Pollock's claim that he was denied counsel on appeal because he was forced to proceed pro se after appointed counsel filed an *Anders* brief, in violation of his state and federal constitutional rights, is frivolous. To the extent Pollock claims his state constitutional rights were violated, the claims are not cognizable on federal habeas review. Federal habeas review is only available for the vindication of rights existing under federal law, not rights existing solely under state law. *Manning v. Warden, Louisiana State Penitentiary*, 786 F.2d 710, 711 (5th Cir. 1986). It is not the function of a federal habeas court to review a state's interpretation of its own laws. *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995). To the extent Pollock claims his federal constitutional rights were violated, the record refutes his assertion. Pollock requested his appellate counsel withdraw in writing so that he could proceed pro se. (Resp't Answer, Exhibit A.) Further, the trial court held a hearing to inform Pollock of the dangers and disadvantages of representing himself, and

he persisted in his desire to do so. (*Id.*) *See Faretta v. California*, 422 U.S. 806, 835 (1975). Having been warned of the perils of self-representation, it appears Pollock's waiver of his right to counsel was knowingly and intelligently made. *See United States v. Martin*, 790 F.2d 1215, 1218 (5th Cir. 1986).

### 3. Substitution of Judges

Pollock claims he was denied a fair trial because the same judge who presided over the guilt/innocent phase of his trial did not preside over the punishment phase. Punishment was set by the jury. Under Texas law, absent an abuse of discretion, the substitution of judges during trial does not constitute reversible error. *See Browning v. Texas*, 488 S.W.2d 804, 805 (Tex. Crim. App. 1972). Because Pollock failed to demonstrate abuse of discretion or prejudice as a result of the substitution of judges, the state courts rejected this claim. (1State Habeas R. at 138; 2State Habeas R. at 131-32.) Substitution of judges in a state trial is solely a matter of state law and thus cannot provide the basis for relief in federal habeas corpus. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (providing "it is not the province of a federal habeas court to reexamine state-court determinations of state-law questions").

### 4. Prosecutorial Misconduct

Pollock claims the state engaged in prosecutorial misconduct by consolidating the two unrelated offenses for which he was convicted in the same trial because they were two separate criminal episodes. The state courts rejected this claim and concluded that, as a matter of state statutory law, the offenses did arise out of the same criminal episode and were properly consolidated. (1State Habeas R. at 138; 2State Habeas R. at 132.) Deferring to the state courts' interpretation of its own law, Pollock has not demonstrated prosecutorial misconduct.

8

### 5. Invalid Indictment

Pollock claims the indictment in the robbery offense was defective because it did not allege ownership of the stolen merchandise. It is well settled that the sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it is shown that the indictment is so defective that the convicting court had no jurisdiction. *See Lockett v.* Anderson, 230 F.3d 695, 702 (5th Cir. 2000); *Alexander v. McCotter*, 775 F.2d 595, 598-99 (5th Cir. 1985). Pollock's indictment does not meet this threshold requirement for federal habeas relief. Under state law, failure to allege ownership of property in an indictment for robbery does not render the indictment defective. *See Ex parte Lucas*, 574 S.W.2d 162,164 (Tex. Crim. App. 1978); *Reese v. State*, 574 S.W.2d 638, 640 (1976). Thus, no jurisdictional question could be successfully raised and no basis for federal relief exists.

### 6. Sentence Enhancement

Pollock claims that his prior 1999 conviction was improperly used to enhance his punishment for both offenses, which the state argued arose out of the same criminal episode. The state courts rejected this claim and concluded that, as a matter of state statutory law, Pollock's prior conviction could be used to enhance his punishment for each separate offense. (1State Habeas R. at 139; 2State Habeas R. at 132.) Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. *See Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir. 1993). Whether an offense has been properly enhanced is generally a matter of state law. *See Rubio v. Estelle*, 689 F.2d 533, 536 (5th Cir. 1982); *Donald v. Jones*, 445 F.2d 601, 606 (5th Cir. 1971). Here, Pollock's complaint about the use of his prior conviction for enhancement purposes relates solely to matters of state law. Therefore, the claim is not cognizable on federal habeas review.

## II. RECOMMENDATION

Pollock's petition for writ of habeas corpus should be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 8, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until October 8, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing

date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September 17, 2007.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE