

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ADELIZ POLLOCK, | § | |
| Petitioner, | § | |
| VS. | § | NO. 4:06-CV-592-A |
| | § | (Consolidated with |
| | § | No. 4:06-CV-593-A) |
| NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION, | § | |
| Respondent. | § | |

## O R D E R

Came on for consideration the above-captioned action wherein Adeliz Pollock is petitioner and Nathaniel Quarterman, Director, T.D.C.J., Correctional Institutions Division, is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On September 17, 2007, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation ("FC&R"), and ordered that Pollock file objections, if any thereto, by October 8, 2007. By order signed September 28, 2007, the court extended Pollock's time for response until October 19, 2007. Pollock timely filed his objections.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u> determination of those portions of the proposed findings, conclusions, and recommendation to which specific objection is

made. United States v. Raddatz, 447 U.S. 667, 673-75 (1980). The court need not address any nonspecific, frivolous, or conclusory objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

The Magistrate Judge recommends that Pollock's petition be denied. As categorized by the Magistrate Judge, Pollock asserts five grounds for relief in his petition: (1) he received ineffective assistance of trial counsel and was denied appellate counsel; (2) he was denied a fair trial because different judges presided over trial and punishment; (3) the state engaged in prosecutorial misconduct by consolidating unrelated offenses; (4) the indictment was invalid because it failed to put him on notice as to the ownership of stolen property; and (5) the enhancement paragraphs were void because petitioner's prior conviction was used twice in the same criminal episode. As the Magistrate Judge discusses at length, Pollock is not entitled to relief on any of his claims, many of which he previously raised in his two state applications for writ of habeas corpus.

In his only specific objection, Pollock asserts that the Magistrate Judge erred by concluding that the claims presented by petitioner exist solely under state law. Pollock has read the Magistrate Judge's conclusion too broadly. The Magistrate Judge did not conclude that <u>all</u> of Pollock's claims were based on violations of state law; rather, he stated that "[t]o the extent Pollock claims his state constitutional rights were violated, the claims are not cognizable on federal habeas review." FC&R at 7.

2

The Magistrate Judge thoroughly considered those claims presented by Pollock that are cognizable under federal law. Thus Pollock is not entitled to any relief on this objection.

In the remainder of his objections, Pollock simply reasserts his grounds for relief, presenting no specific objection to the FC&R. The court need not address such nonspecific objections. See Battle, 834 F.2d at 421.

Therefore,

The court accepts the findings, conclusions and recommendation of the Magistrate Judge, and ORDERS that the petition of Adeliz Pollock for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

SIGNED October 31, 2007.

JOHN McBRYDE
United States District Judge